United States District Court
Southern District of Texas
**ENTERED**
October 01, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NABIL T KHOURY, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-4806 |
| § | |
| ARCHANA THOTA, § | |
| APOLLO HEALTHCARE AT § | |
| WILLOWBROOK LLC, § | |
| WILLOWBROOK MED PROPERTIES, LLC, § | |
| DOES 1 THROUGH 10 INCLUSIVE § | |
| and § | |
| ROES 11 THROUGH 20 INCLUSIVE, § | |
| § | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

### I.   INTRODUCTION

Nabil T. Khoury, the plaintiff, has sued defendants Archana Thota ("Thota"), Apollo Healthcare at Willowbrook, LLC ("Apollo"), Willowbrook Med Properties, LLC ("Med Properties" and, together with Apollo, the "Willowbrook Entities" or "Entities"), and alleged employees or agents of the foregoing defendants, designated by the plaintiff as Does 1–10 and Roes 11–20, for violations of § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended, 15 U.S.C. § 78j(b), and Securities and Exchange Commission ("SEC") Rule 10b–5, 17 C.F.R. § 240.10b–5, promulgated thereunder. The plaintiff also asserts a claim for injunctive relief, a claim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and state law claims for fraud, conversion, breach of contract, and breach of fiduciary duty.[1]

---

[1] The plaintiff also asserts "causes of action" for exemplary damages, attorney's fees, pre- and post-judgment interest. As explained herein, these are not independent causes of action.

Pending before the Court is the defendants' motion to dismiss for failure to state a claim, brought pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 19). The plaintiff has filed a response in opposition to the motion to dismiss (Dkt. No. 20) and the defendants have filed a reply. (Dkt. No. 21). After having carefully considered the motion, response, reply, the pleadings and the applicable law, the Court determines that the defendants' motion to dismiss should be **GRANTED**.

## II.   FACTUAL BACKGROUND

In September of 2014, defendant Thota offered to sell the plaintiff an ownership stake in each of the Willowbrook Entities. Thota represented that the Entities would operate a high-end nursing facility and that she would serve as the Entities' manager. In October 2014, the plaintiff executed operating agreements for each of the Entities and delivered two payments to Thota—$50,000 for a 5 percent stake in Apollo and $68,000 for a 2 percent stake in Med Properties. Several weeks later, the plaintiff signed a personal guaranty for the nursing facility's bank loan. In December 2016, the plaintiff, along with other investors, executed a loan modification agreement for the nursing facility's bank loan. In January 2019, the plaintiff contributed an additional $50,000 to the nursing home in response to a "cash call"[2] made by Thota and the Entities. The plaintiff subsequently demanded that Thota return his $50,000 contribution, which Thota has not done.

## III.   CONTENTIONS OF THE PARTIES

### A.   The Plaintiff's Contentions

The plaintiff alleges that in connection with the sale of ownership interests in the Willowbrook Entities, Thota made material misrepresentations to the plaintiff, on which the

---

[2] A "cash call" (also known as a "capital call") refers to a demand for capital contributions made to a limited liability corporation's members by its manager, typically authorized by the entity's operating agreement.

plaintiff reasonably relied and which caused the plaintiff injury. The plaintiff asserts that Thota's misrepresentations constitute violations of § 10(b) of the Exchange Act and SEC Rule 10b-5, as well as common law fraud. The plaintiff alleges the following false representations by Thota:

- September 2014: Thota represented to the plaintiff during an investor presentation that, through the Willowbrook Entities, she would operate a "premier" nursing facility that would provide "resort-like" care for its patients. Thota also represented that the plaintiff's investment would be a "low risk franchise-type investment" and that Thota had opened and operated similar nursing facilities in Dallas and Pasadena, Texas.

- October and November 2014: Thota "convinced" the plaintiff to sign a personal guaranty for the nursing facility's bank loan.

- December 2016: Thota "convinced" the plaintiff and other investors to sign a loan modification agreement for the nursing facility's bank loan.

- January 2019: Thota represented to the plaintiff that a meeting of the Willowbrook Entities' members, which plaintiff did not attend, had taken place, resulting in a "cash call" in the amount of $10,000 per membership unit. Thota asked the plaintiff to contribute $50,000 or risk dilution or forfeiture of his ownership interests. After the plaintiff made the $50,000 contribution and subsequently demanded that the contribution be returned, Thota told the plaintiff that he should not be worried because she had raised $1 million during the cash call.

The plaintiff further alleges that Thota has not provided him the Entities' operating agreements, which he signed in October 2014. Accordingly, the plaintiff asks this Court to declare that the plaintiff owns 5 percent of Apollo and 2 percent of Med Properties. The plaintiff also asserts claims for conversion and breach of fiduciary duty, premised on Thota's alleged misappropriation of the Entities' funds, as well as a claim for breach of the Entities' operating agreements. The plaintiff also argues that, given Thota's alleged mismanagement of the nursing facility, this Court should enjoin Thota from "continued presence" at the facility and from accessing the Entities' bank accounts.

The defendants argue that the applicable limitations periods bar the plaintiff's federal securities fraud and common law fraud claims. Alternatively, the defendants assert that the fraud

claims do not meet the heightened pleading requirements of Fed. R. Civ. P. 9(b) and the federal Private Securities Litigation Reform Act (PSLRA). The defendants further argue that this Court should decline to hear the plaintiff's declaratory judgment action, based on application of the *St. Paul Ins. Co. v. Trejo*[3] factors. Finally, the defendants assert that the plaintiff's remaining state law claims, as pleaded, either do not meet the relevant pleading standard, are barred by the applicable limitations periods, or that, as to the breach of fiduciary duty claim, the plaintiff lacks standing.[4]

## IV. STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007).

Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct.

---

[3] 393 F.3d 585 (5th Cir. 1994).

[4] The defendants also argue that the plaintiff's "claims" for exemplary damages, attorney's fees, pre- and post-judgment interest are not independent causes of action.

2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

As clarified in *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955).

### B.     Fed. R. Civ. P. 9(b) and the PSLRA

Federal Rule of Civil Procedure 9(b) and the PSLRA require that the circumstances supporting a claim for securities fraud be pleaded "with particularity." Fed. R. Civ. P. 9(b); 15 U.S.C. § 78u–4(b). *See also Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361–62 (5th Cir. 2004). Rule 9(b) states, in relevant part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The PSLRA correspondingly provides, in relevant part, that a securities fraud complaint:

> shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.

15 U.S.C. § 78u–4(b)(1). In addition, the complaint "shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that

the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2)(A). Read together, Rule 9(b) and the PSLRA direct the pleader to:

> (1) specify . . . each statement alleged to have been misleading, *i.e.*, contended to be fraudulent;
>
> (2) identify the speaker;
>
> (3) state when and where the statement was made;
>
> (4) plead with particularity the contents of the false representations;
>
> (5) plead with particularity what the person making the misrepresentation obtained thereby; and
>
> (6) explain the reason or reasons why the statement is misleading, *i.e.*, why the statement is fraudulent.

*ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002). By Fifth Circuit nomenclature, these elements establish the "who, what, when, where, and how" required under Rule 9(b) and the PSLRA. *Id.* A district court must dismiss a § 10(b)/Rule 10b–5 complaint that does not meet these requirements. 15 U.S.C. § 78u–4(b)(3)(A).

## IV. ANALYSIS AND DISCUSSION

### A. The Plaintiff's § 10b/Rule 10b-5 Claim

"[T]o state a claim under section 10(b) of the 1934 Act and Rule 10b–5, a plaintiff must allege, in connection with the purchase or sale of securities, (1) a misstatement or an omission (2) of material fact (3) made with scienter (4) on which plaintiff relied (5) that proximately caused [the plaintiff's] injury." *See Tchuruk*, 291 F.3d at 350 (internal quotations omitted).

Federal law bars the plaintiff's securities fraud claims, to the extent that they are based on misrepresentations made more than five years before the plaintiff filed this lawsuit. 28 U.S.C. § 1658(b) (providing that a securities fraud claim under the Exchange Act "may be brought not later than the earlier of—(1) 2 years after the discovery of the facts constituting the violation; or

(2) 5 years after such violation."). The five-year period is a "statute of repose" and is not subject to tolling. *In re BP p.l.c. Sec. Litig.*, 341 F.Supp.3d 698, 705 (S.D. Tex. 2018).[5] This statute of repose begins to run from the date of the misrepresentation or omission that forms the basis of the securities law violation. *Hall v. Variable Annuity Life Ins. Co.*, No. H-11-3639, 2012 WL 12877431, at *4 (S.D. Tex. May 31, 2012), *aff'd*, 727 F.3d 372 (5th Cir. 2013) (citing *In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 199-200 (3d Cir. 2007)).

The plaintiff filed the instant action on December 10, 2019. The plaintiff alleges that Thota made various false representations to the plaintiff between September and November 2014 in connection with the sale of ownership interests in the Willowbrook Entities. Because these representations would have been made more than five years prior to the filing of this lawsuit, the plaintiff's claims premised on the foregoing representations are time-barred.[6]

With regard to later misrepresentations that he attributes to Thota, the plaintiff does not satisfy the heightened pleading standard imposed by Rule 9(b) and the PSLRA.[7] As to the plaintiff's allegation that in December 2016 Thota "convinced" the plaintiff to sign a loan modification agreement for the nursing facility, the plaintiff does not: specify any allegedly

---

[5] *See also Cal. Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 137 S.Ct. 2042, 2052, 198 L.Ed.2d 584 (2017) (holding that the three-year statute of repose set forth in Section 13 of the Exchange Act is not subject to tolling).

[6] The plaintiff appears to argue that the "investment decision doctrine," first articulated in *Goodman v. Epstein*, 582 F.2d 388 (7th Cir.1978), tolls his securities fraud claim based on the September and November 2014 representations. This argument fails because the five-year bar on § 10(b)/Rule 10b-5 claims is an absolute one that runs from the date of the misrepresentation or omission. Additionally, the plaintiff's citation to *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633 (2010) is unavailing since that opinion refers to the statute's two-year limitations period, which is subject to tolling, and not the five-year statute of repose. *See Merck & Co., Inc.*, 559 U.S. at 653 ("We conclude that the limitations period in § 1658(b)(1) begins to run once the plaintiff did discover or a reasonably diligent plaintiff would have 'discover[ed] the facts constituting the violation'—whichever comes first." (emphasis added)); *id.* at 650 (noting "Congress' inclusion in the statute of an unqualified bar on actions instituted '5 years after such violation,' § 1658(b)(2), giving defendants total repose after five years").

[7] The Court assumes *arguendo* that the alleged misrepresentations were made in connection with the "purchase or sale of a security," as required to state a claim under § 10(b)/Rule 10b-5. *See Tchuruk*, 291 F.3d at 350.

misleading statement; plead with particularity the contents of such statement; or explain why such statement was misleading. *See Tchuruk*, 291 F.3d at 350. The same pleading defects apply to the plaintiff's allegation that in January 2019, Thota demanded that the plaintiff contribute an additional $50,000 in connection with a "cash call" held by the Willowbrook Entities. In particular, taken as true, the defendant's alleged misrepresentation regarding the aggregate amount contributed as a result of the cash call[8] is not actionable, since Thota made the representation to the plaintiff *after* he had already made his contribution.[9] As pleaded, the plaintiff's securities fraud claims cannot survive because they do not meet the standard of Rule 9(b) and the PSLRA.

In dismissing the plaintiff's federal securities fraud claims, this Court takes judicial notice[10] of a state court proceeding initiated in Harris County against the defendants by other purported investors in the Willowbrook Entities.[11] The investors seek, *inter alia*, access to the Entities' books and records.[12] Given that the state court proceeding may reveal additional facts relevant to the plaintiffs' federal securities fraud claims, this Court determines that it is in the interests of justice to dismiss these claims without prejudice. *Hinojosa v. U.S. Bureau of Prisons*,

---

[8] The plaintiff alleges that although Thota told him she had collected $1 million from the cash call, he later learned that she had collected only $665,000.

[9] In his response, the plaintiff mentions for the first time that in January 2015, Thota failed "to provide the promised security (the Operating Agreements which [the plaintiff] paid good money to get)." Taking this allegation as true, these pleaded facts do not state with sufficient particularity why the failure to deliver the operating agreements was a material omission. The plaintiff also does not describe with sufficient particularity his reliance on the alleged omission or how the omission proximately caused his injury.

[10] *See Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998) (providing that "a court may take judicial notice of a "document filed in another court . . . to establish the fact of such litigation and related filings" (internal citations omitted)).

[11] *See* Pl.'s First Am. Pet., Appl. for TRO, Temp. Inj., and Req. for Discl., *Kunapuli v. Apollo Healthcare at Willowbrook LLC*, No. 2019-89704 (333rd Dist. Ct., Harris County, Tex. Jan. 6, 2020). The plaintiff is not a party to this action.

[12] *Id.* ¶¶ 28–34.

506 F. App'x 280, 282 (5th Cir. 2013) (providing that dismissal with prejudice is warranted only where "there is no possibility" that the plaintiff can state a claim).

### B. The Plaintiff's Declaratory Judgment Action

The defendants also argue that this Court should use its discretion to decline to hear the plaintiff's declaratory judgment action. In determining whether to retain a declaratory judgment action, this Court must first consider: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). As to the threshold issue, the Court finds that the plaintiff has not established an actual controversy and that his declaratory action is, therefore, not ripe for adjudication.

A declaratory judgment action is justiciable if "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Venator Grp. Specialty, Inc. v. Matthew/Muniot Family, L.L.C.*, 332 F.3d 835, 838 (5th Cir. 2003). The controversy "must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional, or based upon the possibility of a factual situation that may never develop." *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (internal quotations omitted). The court must determine whether the threatened dispute has "taken on final shape so that the court can see what legal issues it is deciding." *Orix Credit Alliance, Inc.*, 212 F.3d at 895. The declaratory plaintiff bears the burden of proving, by a preponderance of the evidence, that an actual controversy exists. *Id.* at 897.

The plaintiff asks this Court to declare that he owns 5 percent of Apollo and 2 percent of Med Properties. Yet, the closest that the plaintiff comes to establishing an actual controversy

9 / 12

concerning his ownership in the Willowbrook Entities are his allegations that Thota repeatedly failed to provide the plaintiff with the Entities' operating agreements, despite initially agreeing to do so. This alleged conduct, which the Court accepts as true, does not establish by a preponderance of the evidence that the defendants dispute the plaintiff's ownership stakes in the Willowbrook Entities or imminently intend to do so by judicial means. *See, e.g.*, *Hillwood Dev. Co. v. Related Cos., Inc.*, No. 3:04-CV-1100-L, 2006 WL 1140472, at *5–6 (N.D. Tex. Apr. 28, 2006) (declining to find an actual controversy between former potential co-investors despite the defendant's pre-suit correspondence to the plaintiff stating that defendant had "no alternative but to pursue other avenues to enforce [its] rights"). Thus, in seeking a declaration concerning his ownership in the Willowbrook Entities, the plaintiff seeks to litigate a dispute that is, at present, hypothetical and that may never actually develop. *Rowan Cos., Inc.*, 876 F.2d at 28. Because no justiciable controversy exists between the parties, the plaintiff's declaratory action is dismissed without prejudice.

### C. The Plaintiff's Remaining Claims

The plaintiff also seeks a preliminary injunction that would enjoin Thota from (1) "continued presence" at the nursing facility and (2) accessing the Entities' bank accounts. However, a request for a preliminary injunction does not, by itself, establish a federal court's subject matter jurisdiction. *Vis Vires Grp., Inc. v. Endonovo Therapeutics, Inc.*, 149 F. Supp. 3d 376, 383 (E.D.N.Y. 2016) ("[A]s is true of civil actions generally, an independent basis for asserting federal question or diversity jurisdiction must be shown, in order for a court to grant

preliminary relief."). Accordingly, the application for a preliminary injunction is dismissed without prejudice.[13]

Dismissal of the plaintiff's federal claims affords this Court discretion to dismiss the plaintiff's remaining state law claims for fraud, breach of contract, conversion, and breach of fiduciary duty. *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993) ("District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over state claims once all federal claims are dismissed."). A federal district court "may decline to exercise supplemental jurisdiction" over related state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Given that the plaintiff's other federal claims have been dismissed, and that the aforementioned state court proceeding involves related parties and subject matter, this Court exercises its discretion to dismiss the plaintiff's state law claims without prejudice.[14]

The plaintiff also lists exemplary damages, attorney's fees, and pre- and post-judgment interest as independent causes of action. The foregoing, however, are remedies available only if the plaintiff pleads and proves a cause of action that will permit a recovery. *See, e.g.*, *ASARCO LLC v. Americas Mining Corp.*, 396 B.R. 278, 421 (S.D. Tex. 2008) (punitive damages); *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 613 (5th Cir. 2000) (prejudgment interest). To the extent that the plaintiff pleads the foregoing as independent causes of action, these claims are dismissed with prejudice.

---

[13] *See* Fed. R. Civ. P. 41(b) ( ("[A] dismissal under [Rule 41(b) ] and any dismissal not under [Rule 41]— *except one for lack of jurisdiction*, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." (emphasis added)).

[14] *Id.*

V.   **CONCLUSION**

Based on the foregoing analysis and discussion, the defendants' motion to dismiss is **GRANTED**.

It is so **ORDERED**.

**S**IGNED on this 1ˢᵗ day of October, 2020.

                                      Kenneth M. Hoyt
                                      United States District Judge